IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 91-2723
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee

-vs-

CURTIS DELASKIO MOORE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

(April 6, 1992)

Before WILLIAMS and WIENER, Circuit Judges, and LITTLE, District Judge.[1]

LITTLE, District Judge:

Curtis Delaskio Moore appeals his conviction on one count of assaulting a federal officer with a deadly weapon in violation of 18 U.S.C. § 111, and one count of using a firearm during the commission of a predicate felony in violation of 18 U.S.C. § 924(c). We affirm the convictions and remand for resentencing.

I. FACTS

On the night of 13 April 1990, agents of the Houston Police Department, the Federal Drug Enforcement Agency ("DEA"), and the

---

[1] District Judge of the Western District of Louisiana, sitting by designation.

U.S. Customs Service executed a search warrant at 6338 West Montgomery in Houston, Texas, a suspected crack house. Ten plainclothes officers, wearing jackets emblazoned with "Houston Police Department" or "DEA" in large reflective letters, were joined by four uniformed officers. Street lights, mercury lights in a neighbor's yard, and a porch light all illuminated the front of the house. Additional light was provided by a floor lamp in the kitchen window and a mercury light from the street behind the house. As DEA Agent Kevin Blair and Houston Police Officer Ranaldo Ollie approached the back of the house through the driveway, they observed a man walk towards a car in the driveway, open the door, and sit down in the driver's seat. Curtis Moore, the defendant, then exited the house and approached the car to speak with the driver. Although disputed at trial, Officer Ollie testified that he shouted, "Police!" "Stop!" He further testified that the identifying letters on his jacket, Houston Police Department, were clearly visible. Moore turned toward Officer Ollie and began shooting. Officer Ollie was wounded in this confrontation.

Agent Blair, who accompanied Officer Ollie up the driveway and wore a jacket with "DEA" across the front and back, was also fired upon by the defendant. Moore's attempt to escape by climbing a fence was thwarted by the police. Both Blair and Ollie identified Moore at the scene as the individual who fired upon them.

At trial, Moore testified that he did not have a firearm in his possession when he arrived at the house, but purchased it that evening from two unknown people who arrived uninvited at the house on a motorcycle. Moore also stated that he initially saw only one man jump out from the corner of the house, Officer Ollie of the

2

HPD, and that he did not hear anyone yell "police." The adverse decision from the jury formed the predicate for the district court sentence of fifty-four months on count one, sixty months on count two, and a three year term of supervised release.

## II.  ISSUES

Moore has raised seven issues on appeal.  First, there was insufficient evidence to establish that the defendant knew that Kevin Blair was an officer.  Second, there was insufficient evidence to sustain the conviction for assault on a federal officer because the intended victim was a state officer.  Third, the district court improperly refused to instruct the jury on a lesser-included misdemeanor offense of obstructing, resisting or opposing a federal officer.  Fourth, Moore's federal prosecution, after prosecution in state court for offenses that arose out of the same criminal transaction, was precluded by the sham prosecution exception to the dual sovereignty rule.  Fifth, the district court erred in its application of the Sentencing Guidelines.  Sixth, the trial court erred in determining an appropriate guideline sentence by improperly using confidential information.  Seventh, the trial court violated defendant's double jeopardy rights by imposing a mandatory consecutive five year sentence for use of a deadly weapon, which constituted an essential element of 18 U.S.C. § 924(c) and § 111.  We will review each separately.

## A.  SUFFICIENCY OF THE EVIDENCE

When reviewing an appeal based on the insufficiency of the evidence, the evidence and all reasonable inferences that may be drawn must be viewed in the light most favorable to the verdict. U.S. v. Lechuga, 888 F.2d 1472, 1476 (5th Cir. 1989).  The evidence

is sufficient to sustain the verdict if a reasonable trier of fact could have found that the government proved all of the essential elements of the crime beyond a reasonable doubt. <u>Id</u>. The government must prove that the defendant was guilty beyond a reasonable doubt, not merely that he could have been guilty. <u>See</u> <u>U.S. v. Litterell</u>, 574 F.2d 828, 832 (5th Cir. 1978); <u>U.S. v.</u> <u>Sacerio</u>, No. 90-1637, slip op. (5th Cir. 22 Jan. 1992).

### 1. Moore had Knowledge and No Justification

Title 18 U.S.C. § 111 punishes by fine or imprisonment, or both, anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with a [federal officer] engaged in or on account of the performance of his official duties." 18 U.S.C. § 111. In <u>U.S. v. Feola</u>, the Supreme Court held that the only criminal intent required in order to violate § 111 is the intent to do the acts specified. 420 U.S. 671, 686, 95 S.Ct. 1255, 43 L. Ed. 2d 541 (1975). There is no requirement that the defendant be aware of the official status of the person assaulted. <u>Id</u>. at 686.

Appellant argues that the evidence was insufficient to establish that he knew that Agent Blair was a federal official. Moore asserts that he reacted because he feared for his life and had to defend himself. In order to refute a claim of justification or self-defense, the Government must show that the defendant knew of the victim's status or that the defendant's actions were not reasonably justified. <u>U.S. v. Ochoa</u>, 526 F.2d 1278, 1281-82 (5th Cir. 1976). Even a cursory inspection of the facts reveals that each officer was dressed in a jacket that bore the letters "DEA" or "HPD." Additionally, the testimony of Officer Ollie and other officers, disputed only by the testimony of the

4

defendant, reveals that when Ollie approached the defendant standing by the car, the officer said before firing the first shot, "Police!" "Stop!" Stanley Green, the man to whom Moore was speaking when the shooting began, corroborated the officer's testimony. Green testified that he heard Ollie shout "police." He also heard other officers' voices transmitted over their portable radios during the incident.

Even if Moore was unaware of Agent Blair's official status as a Drug Enforcement Agent, based on the facts, he certainly knew that he was a law enforcement officer. When Moore disregarded the officers' directives to stop and proceeded to shoot during their attempt to execute a search warrant, the essential elements of the offense were satisfied.

2. Moore's Intention to Assault an Officer of the Law

Although Ollie, the Houston police officer, was the one injured, there was sufficient evidence adduced at trial to establish that the defendant intended to shoot Agent Blair, the federal agent, as well. Once Ollie was struck, there is no evidence to indicate that the defendant discontinued his fire. On the contrary, once Ollie was shot he jumped behind the car in the driveway for protection. Even so, Moore continued firing at both officers. Blair stated that "he felt a bullet sail right past him."

By his own testimony, the defendant admitted that he saw the shadow of a man at the corner of the house [Agent Blair], heard shots, and began to fire. As previously stated, § 111 as interpreted by Feola, does not require that the defendant intend to assault a federal officer; all that is required is an intent to

5

assault.  <u>U.S. v. Feola</u>, 420 U.S. 672 at 684.

B.  LESSER-INCLUDED OFFENSE

The appellant argues that the trial court committed reversible error when it refused to instruct the jury on the lesser-included offense of obstructing, resisting, or opposing a federal officer in violation of 18 U.S.C. § 1501.[2]  There are three well-established criteria for determining whether a defendant is entitled to have the jury instructed as to a lesser-included offense.  U.S. v. Gampino, 680 F.2d 898, 901 (5th Cir. 1982).  First, all of the elements of the lesser-included offense must also be elements of the offense charged.  Id.  Second, to be "lesser," the uncharged included offense must be composed of fewer than all of the elements comprising the offense charged.  Id.  Finally, "a lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a **disputed** factual element which is not required for conviction of the lesser included offense."  U.S. v. Gampino, 680 F.2d 898, 901 (5th Cir. 1982).  The only

---

[2]  Title 18 U.S.C § 1501 provides that:

> Whoever knowingly and willfully obstructs, resists, or opposes any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States, or United States commissioner [magistrate]; or
>
> Whoever assaults, beats, or wounds any officer or other person duly authorized, knowing him to be such officer, or other person so duly authorized, in serving or executing any such writ, rule, order, process, warrant, or other legal or judicial writ or process ---
>
> Shall, except as otherwise provided by law, be fined not more than $300 or imprisoned not more than one year, or both.

factual element required for a § 111 violation that is not included within a § 1501 violation is the threat or use of force.

Here, it is undisputed that Moore fired a weapon in the direction of Officers Ollie and Blair. The only disputed issue at trial was whether Moore shot at someone other than Ollie and whether Moore had the requisite criminal intent necessary to commit a § 111 violation. Whether he actually used force was not disputed and thus the trial court did not err when it refused to instruct the jury on the lesser-included offense.

## C. DOUBLE JEOPARDY CLAIM

It is well-established that a double jeopardy claim cannot be raised when an individual is prosecuted for the same act that violates the laws of dual sovereigns. Heath v. Ala., 474 U.S. 82, 89-90, 106 S.Ct. 433, 88 L. Ed. 2d 387 (1985). The only deviation from the "dual sovereignty" rule is found in the "sham prosecution" exception. Bartkus v. Ill., 359 U.S. 121, 79 S.Ct. 676, 3 L. Ed. 2d 684 (1959). This narrow exception bars a subsequent prosecution if the "two sovereigns were so intertwined that the state in bringing its prosecution was merely a tool of the federal authorities, who thereby avoided the prohibition of the Fifth Amendment against a retrial of a federal prosecution after an acquittal." Id.

On appeal, Moore argues, for the first time, that the federal prosecution was a sham or tool of the state prosecution because the state essentially "lost" the first case against him.[3] The Federal

---

[3] Defendant considers the state's prosecution a loss in this case because, although charged with shooting a police officer, Moore was convicted of a lesser-included offense and was given probation.

8

Rules of Criminal Procedure provide that defenses and objections based on the prosecution of the case must be raised at trial or they are waived. Fed. R. Crim. P. 12(b), (f). At trial, the defendant made a motion to dismiss the charges on double jeopardy grounds, but failed to raise specifically the "sham prosecution" exception. Although appellant mentions several times in his brief that the trial judge was aware of the state prosecution and wanted to keep this information from the jury, there is no indication that this concern was prompted by evidence presented by the defendant on the applicability of the exception in this case. Even if this court had found that the defendant had properly raised the "sham prosecution" exception at trial, it is clear that the defendant committed two separate and independent acts, one against a state officer and the other against a federal officer, violating the laws of two different sovereigns. The appellants argument on this issue thus has no merit.

### D. QUESTIONS OF ERROR AT SENTENCING

#### 1. Application of the Guidelines

Prior to the imposition of sentence, the probation and parole office in this case prepared a presentence report that was later adopted by the trial court. The probation department determined that § 2A2.2(b)(3) of the Sentencing Guidelines was applicable in this case because Officer Ollie of the Houston Police Department was actually injured. Section 2A2.2(b)(3) of the Sentencing Guidelines provides that when a defendant is convicted of aggravated assault:

> If the victim sustained bodily injury, increase the offense level according to the seriousness of the injury:

9

(B) Serious Bodily Injury add 4.

Although the probation officer who prepared the report recognized that the federal agent, the "victim" contemplated by 18 U.S.C. §111, had not been injured, it was still recommended that Moore's base offense level be increased by four. In his written objections to the presentence report, the defendant argued that the "victim" contemplated by the guidelines is the victim of the aggravated assault. The district court adopted the presentence report over the defendant's objections, and sentenced the defendant to fifty-four months on count I and sixty months on count II.

A defendant's sentence "must be upheld unless he demonstrates that it was imposed in violation of the law, as a result of an incorrect application of the guidelines, or was outside of the range of the applicable guidelines and is unreasonable." United States v. Goodman, 914 F.2d 696, 697 (5th Cir. 1990). Here, the record is devoid of any evidence suggesting that Agent Blair received any injuries at the hands of defendant Moore. A plain sense reading of the term "victim" in § 2A2.2(b)(3) leads one to conclude that the "victim" must be the object of the aggravated assault. Id. There is no justification for adding four points when the only person injured was Officer Ollie, the city police officer. Moore is entitled to be resentenced, and we will remand for that limited purpose.

2. Use of Confidential Information at Sentencing

The defendant argues that the trial judge erred in considering confidential information during sentencing without giving the defendant an opportunity to comment on the information. At sentencing, the trial judge stated that he had received

10

confidential information from a reliable and credible source who indicated that the defendant had a history of substance abuse, including the use of crack cocaine. The trial court found this information to be enlightening to explain the defendant's presence at a suspected crack house. The accuracy of the defendant's claim that he did not know that Ollie and Blair were law enforcement officers also may have been affected by defendant's substance abuse. Whether Moore knew the two men were officers was relevant in determining if he was entitled to an adjustment under the guidelines for acceptance of responsibility. After the court made its revelation, the record does not reflect an attempt by counsel to challenge the accuracy of the information presented.

The trial court exempted disclosure of the identity of the source of the information pursuant to Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure. The rule states in part:

> [T]he court shall provide the defendant and the defendant's counsel with a copy of the report of the presentence investigation, including the information required by subdivision (c)(2) . . . , and not to the extent in the opinion of the court the report contains . . . sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

> (B)    If the court is of the view that there is information in the presentence report which should not be disclosed under subdivision (c)(3)(A) of this rule, the court in lieu of making the report or part thereof available shall state orally or in writing a summary of the factual information therein to be relied on in determining sentence, and shall give the defendant and the defendant's counsel an opportunity to comment thereon. The statement may be made to the parties in camera.

11

Fed. R. Crim. P. 32(c)(3)(A), (B).

Defendant now contends that he was not given the opportunity to comment upon or address the court about this confidential information. The sentencing phase is the appropriate time at which to raise any objections to the presentence investigation and any other matters that concern sentencing. The record does not reflect that the defendant's counsel objected to the introduction of this information, requested a side bar, challenged the accuracy of the information, or requested an in camera conference. His only interjection at the time of sentencing concerned certain "housekeeping matters."

Rule 32 does not require that the trial court disclose the name of a confidential source contained in the presentence report, but the court is required to state a summary of the factual information upon which it relies. United States v. Johnson, 935 F.2d 47, 51 (4th Cir. 1991) (citing United States v. Houston, 745 F.2d 333 (5th Cir. 1984), cert denied, 470 U.S. 1008, 105 S.Ct. 1369, 84 L. Ed. 2d 388 (1985)). Once the facts are disclosed to the defendant and his counsel, Rule 32 places the burden upon the defendant to comment upon the factual accuracy contained in the disclosure. The defendant did not assert a timely comment. Even in these proceedings, there is no claim made that the trial judge's information was inaccurate.

### 3. Enhancement for Use of a Weapon

Section 924(c) of the Sentencing Guidelines provides that an additional five years may be added to the punishment of a felony, if a firearm was used in the commission of that felony. Appellant contends that his sentence was twice enhanced under the guidelines

12

for using a weapon pursuant to 18 U.S.C. § 111 (Count I) and § 924(c) (Count II). Refuting appellant's claim of error on this issue requires only a review of the presentence investigation report, which states:

> U.S.S.G. § 2A2.2(b)(2) indicates that if a firearm was discharged, the offense level is to be increased by 5. However, since count 2 sanctions the defendant for this behavior, **this specific offense characteristic is not applied pursuant to Application Note. N. 2 of U.S.S.G. § 2K2.4**. (Emphasis added.)

7 R. 5. The Application Notes and background of § 2K2.4 of the guidelines further provide:

> 2. Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristics for the possession, use or discharge of a firearm (e.g. § 2B3.1(b)(2)(A)-(F) (Robbery)) is not to be applied in respect to the guideline for the underlying offense.
>
> Background: 18 U.S.C. §§ 924(c) and 929(a) provide mandatory minimum penalties for the conduct proscribed. To avoid double counting, when a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for firearm discharge, use or possession is not applied in respect to such underlying offense.

U.S.S.G. § 2K2.4, n. 2.

The presentence report prepared by the probation and parole department was adopted by the trial court. The language of the report clearly reveals that the prohibition against double counting when the defendant is charged with a violation of 18 U.S.C. § 924(c) was acknowledged and accepted. The enhanced sentencing for the discharge of a firearm was not added to the defendant's base level offense. Appellant's claim is unsupported by the facts and thus has no merit.

13

### III. CONCLUSION

Moore's convictions are AFFIRMED but his sentence is vacated and the matter REMANDED for resentencing in accordance with this opinion.