**UNITED STATES of America**

v.

**Jimmy CARMONA.**

**Crim. No. MO–94–CR–026.**

United States District Court,
W.D. Texas,
Midland/Odessa Division.

Aug. 3, 1994.

Jack R. Chappell, Midland, TX, for defendant.

Janet M. Bonner, U.S. Atty.'s Office, Midland, TX, for U.S.

***PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS OF DEFENDANT'S MOTION ASSERTING A CLAIM OF DOUBLE JEOPARDY***

GUIROLA, United States Magistrate Judge.

BEFORE THIS COURT is the Motion of the Defendant, JIMMY CARMONA, assert-

ing a claim of double jeopardy.[1] This matter was referred for hearing and submission of proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1) on July 29, 1994. On August 3, 1994 a hearing was conducted before the undersigned U.S. Magistrate Judge.

## FACTS

The Defendant, JIMMY CARMONA, has been charged by indictment with a one count violation of 18 U.S.C. § 1708, possession of stolen mail. According to documents introduced at hearing, CARMONA received a deferred adjudication on the charge of credit card abuse and was placed on probation by the 372nd District Court of Tarrant County, Texas. The government does not contest the fact that CARMONA's federal prosecution stems from the same circumstances resulting in defendants deferred adjudication.

Defendant advances two arguments in support of his double jeopardy claim, they are:

a) that defendant's conduct is more closely related to violations of either 18 U.S.C. § 659 or § 650 both of which provide that a state court judgment of conviction bars a subsequent prosecution in federal court[2] and,

b) that pursuant to Justice Department policy the government is precluded from prosecuting the Defendant for acts previously adjudicated in the State court.

## DISCUSSION

■ It is well established that a double jeopardy claim cannot be raised when an individual is prosecuted for the same act that violates the laws of dual sovereigns. *Heath v. Alabama,* 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); *United States v. Moore,* 958 F.2d 646 (5th Cir.1992).

■ Even assuming that CARMONA's conduct is more consistent with violation of 18 U.S.C. §§ 659 and 660 the fact remains

that he is not charged with that offense. Moreover, CARMONA's deferred adjudication does not constitute a conviction under Texas law. *Price v. State,* 866 S.W.2d 606, 611 (Tex.Cr.App., 1993).

■ CARMONA finally contends that the government failed to follow its dual prosecution policy, known as the Petite policy.[3] This Justice Department policy prohibits federal prosecutions following state prosecutions for the same offense. However, the Petite Policy is an internal rule of the Department of Justice and cannot be invoked by criminal defendants to bar prosecution by the federal government. *United States v. Paternostro,* 966 F.2d 907 (5th Cir.1992); *United States v. Harrison,* 918 F.2d 469 (5th Cir.1990).

## RECOMMENDATION

After hearing evidence and arguments of counsel and being advised of the relevant authority, it is the recommendation of the undersigned U.S. Magistrate Judge, that the Motion of the Defendant, JIMMY CARMONA, asserting a claim of double jeopardy is without merit and should be **DENIED.**

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the

1. Defendant's motion is construed as a Motion to Dismiss the pending indictment for violation of the double jeopardy clause of the United States Constitution.

2. "A judgment of conviction or acquittal on the merits under the laws of any State shall be a bar to any prosecution under this section for the same act or acts". 18 U.S.C. §§ 659, 660.

3. *Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960).

Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[4] Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation contained in this report within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.[5]

## ORDER ACCEPTING THE FINDINGS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE

ORLANDO L. GARCIA, District Judge.

On this date came on to be considered the United States Magistrate Judge's Proposed Findings of Fact and Recommendations concerning defendant's motion asserting a claim of double jeopardy. The Court referred this motion to United States Magistrate Judge Louis Guirola, Jr. in accordance with 28 U.S.C. § 636(b)(1) for the purpose of conducting a hearing on the motion and submitting to this Court proposed findings of fact and recommendations for the disposition of the motion by this Court. The Court has conducted a *de novo* review of the entire record and has made an independent assessment of the law.

Defendant has been charged by indictment with a one-count violation of 18 U.S.C. § 1708, possession of stolen mail. It has been established that defendant received a deferred adjudication on the charge of credit card abuse and was placed on probation by the 372nd District Court of Tarrant County, Texas. The government does not contest the fact that defendant's federal prosecution stems from the same circumstances resulting in defendant's deferred adjudication.

Because defendant has been prosecuted for an act that violates the laws of dual sovereigns, his double jeopardy claim must fail. *Heath v. Alabama*, 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985). Although defendant claims his conduct is more consistent with violation of 18 U.S.C. §§ 659 and 660, both of which provide that a state court judgment of conviction bars subsequent federal prosecution for the same acts, the double jeopardy determination must be premised on the crime actually indicted. *Ladner v. Smith*, 941 F.2d 356, 361 n. 12 (5th Cir.1991). *See also United States v. Stricklin*, 591 F.2d 1112, 1118 (5th Cir.1979), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979). Moreover, as Magistrate Judge Guirola properly concluded, defendant's deferred adjudication does not constitute a conviction under Texas law. *Price v. State*, 866 S.W.2d 606, 611 (Tex.Crim.App. 1993).

The Court also agrees that the Petite Policy cannot be invoked by criminal defendants to bar prosecution by the federal government. *United States v. Paternostro*, 966 F.2d 907, 912 (5th Cir.1992).

The Court finds that the Magistrate Judge correctly analyzed the issues in this proceeding. As required by 28 U.S.C. § 636(b)(1)(C), the Court has conducted an independent review of the entire record and a de novo review of the matters raised by the objections. This Court concludes that the Findings and Recommendations contains a correct statement of the facts and law in all regards, and it therefore accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Findings and Recommendations.

Defendant's claim of double jeopardy is without merit and it is DENIED.

SIGNED August 12th, 1994.

---

4. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982). *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985).

5. *Nettles*, 677 F.2d at 410.