IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-31274
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY RAY TATUM,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 91-CR-50073
- - - - - - - - - -
May 15, 1996

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Billy Ray Tatum argues that the district court erred in denying his motion to reduce his sentence.

We have reviewed the record, including the transcripts of Tatum's rearraignment and sentencing hearings, and the briefs of the parties, and have determined that the district court's denial of the motion should be affirmed.  The district court did not have jurisdiction to reduce Tatum's sentence pursuant to 18 U.S.C. § 3582(c)(2) because he was not asserting that he was

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

entitled to relief under an amended guideline that had been given retroactive effect by the Sentencing Commission. See U.S.S.G. § 1B1.10(c), p.s.; United States v. Early, 27 F.3d 140, 142 (5th Cir.), cert. denied, 115 S. Ct. 600 (1994)

Tatum is challenging the district court's initial denial of a credit for acceptance of responsibility and its decision to sentence him as a career offender. These claims, which could have been raised on direct appeal but were not, are not cognizable pursuant to 28 U.S.C. § 2255. See United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

The district court did not commit plain error in denying Tatum's claims that he was subjected to selective prosecution and that his sentence was improperly enhanced pursuant to 18 U.S.C. § 924(e)(1). The former argument does not have a sufficient factual basis to support relief, and the latter argument is factually incorrect.

Tatum's argument that he was subjected to double jeopardy has no arguable merit. See United States v. Moore, 958 F.2d 646, 650 (5th Cir. 1992). Nor does his argument that the district court breached the plea agreement by relying on the presentence report at sentencing have any merit. Tatum acknowledged in the plea agreement and at his rearraignment that his sentence could not be determined by the district court until the presentence report had been completed.

Tatum argued for the first time in his reply brief that he was entitled to a jury trial to determine whether he violated 18 U.S.C. § 924(e) and that he was subjected to multiple punishment

because his property was forfeited without a hearing and he did not receive a  sixteen-month credit on his federal sentence. This court will not review issues that are initially raised in a reply brief.  United States v. Prince, 868 F.2d 1379, 1386 (5th Cir.), cert. denied, 493 U.S. 932 (1989).

AFFIRMED.