United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41253
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANNON ROGERS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-31-3
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Shannon Rogers appeals his conviction and sentence for conspiracy to possess with the intent to distribute less than one gram of LSD.  We affirm.

Rogers's argument that the Government's "sham prosecution" violated the Double Jeopardy Clause is waived because it is raised for the first time on appeal.  See United States v. Moore, 958 F.2d 646, 650 (5th Cir. 1992).  His assertion that the district court clearly erred in calculating his criminal history

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

score is devoid of argument, citation to legal authority, and facts explaining why the district court's determination was incorrect; it is therefore also waived but for inadequate briefing.  See United States v. Posado-Rios, 158 F.3d 832, 867 (5th Cir. 1998).

Finally, the testimony of Michael Barnett and Frank Jaycox was sufficient to support Rogers's conviction.  See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).  To the extent that Rogers challenges their credibility, the jury is the final arbiter of the credibility of witnesses, like Barnett and Jaycox, whose testimony is not incredible or facially insubstantial.  See United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994).

AFFIRMED.