United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 05-40171
Summary Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT LAMAR SMITH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-77-1
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Vincent Lamar Smith (Smith) appeals his jury conviction and sentence for assaulting a federal officer in violation of 18 U.S.C. § 111.

Smith contends that the evidence at trial was insufficient to sustain the jury's verdict. Specifically, he argues that the Government failed to prove that he intentionally assaulted Correctional Officer Timothy LaBorde (Officer LaBorde).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Smith intentionally assaulted Officer LaBorde. Officer LaBorde, Senior Officer Specialist David Chapman (Officer Chapman), and Correctional Officer Scott Tommey (Officer Tommey) testified that Smith was upset with the outcome of the disciplinary hearing. Officer LaBorde testified that after he removed one of the cuffs, Smith immediately spun around "so he could get more power into it" and started jerking the handcuffs away from him. Officers Chapman and Tommey also testified that they saw Smith jerk Officer LaBorde's hand into the food slot. Finally, Officer LaBorde testified that he did not believe that the incident was an accident. Therefore, the evidence was sufficient to sustain the jury's verdict. See United States v. Moore, 958 F.2d 646, 648-49 (5th Cir. 1992).

Smith also contends that the district court violated his Sixth Amendment right to a fair trial when it excused a juror for cause when no bias on the part of that juror was demonstrated. Smith is not entitled to any relief on this claim because he does not challenge the impartiality of the panel that actually judged his case. See United States v. Gonzalez-Balderas, 11 F.3d 1218, 1222 (5th Cir. 1994).

Finally, Smith contends that his sentence is unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). Specifically, Smith

argues that the district court violated his Sixth Amendment right to a jury trial when it enhanced his sentence based on the district judge's finding that he was a career offender because this fact was neither admitted by him nor found by a jury beyond a reasonable doubt.

Smith was sentenced after the Court's decision in <u>Booker</u> and pursuant to an advisory Guidelines scheme. Thus, the district court's determination, under an advisory Guidelines scheme, that Smith was a career offender did not violate his Sixth Amendment right to a jury trial. <u>See</u> <u>Booker</u>, 125 S. Ct. at 750, 764.

Accordingly, the district court's judgment is AFFIRMED.