United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50593
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

STANLEY PAUL DRAKE,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 6:03-CR-59-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    In this interlocutory appeal, Stanley Drake argues that the district court erred in denying his motion to dismiss a one-count indictment for distribution of hydrocodone on the ground of double jeopardy. We review de novo. See United States v. Delgado, 256 F.3d 264, 270 (5th Cir. 2001).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Drake argues that state officials were aware that he was on probation by the Texas State Board of Pharmacy for the same misconduct alleged in his federal indictment. He argues that the delay in the instant prosecution by the federal government establishes a sham prosecution effected by state officials manipulating the federal prosecution.

The "dual sovereignty" doctrine provides that a person may be prosecuted for the same act by both state and federal governments. United States v. Moore, 958 F.2d 646, 650 (5th Cir. 1992). To establish the narrow exception of a "sham prosecution" to the dual sovereignty doctrine, Drake must demonstrate that one sovereign manipulated the other into the subsequent prosecution. See Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959); United States v. Angleton, 314 F.3d 767, 774 (5th Cir. 2002).

Drake fails to meet the arduous burden of demonstrating a sham prosecution. See United States v. Cooper, 949 F.2d 737, 751 (5th Cir. 1991). His allegations of delay alone will not suffice to establish that the federal government was manipulated by state officials in the instant proceedings. See Angleton, 314 F.3d at 774. Because Drake failed to allege sufficient facts to support his allegations of a sham prosecution, the district court did not abuse its discretion in failing to conduct an evidentiary hearing on the issue of double jeopardy. See Dickens v. Lewis, 750 F.2d 1251, 1255 (5th Cir. 1984); United States v. Harrelson, 705 F.2d 733, 737

2

(5th Cir. 1983).

AFFIRMED.