## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2012

Lyle W. Cayce
Clerk

No. 11-20537
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GARCIA, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-511-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Garcia, Jr. appeals his conviction and sentence for assaulting a federal employee, in violation of 18 U.S.C. § 111(a)(1). He argues that the evidence was insufficient to support his conviction because the Government failed to prove that he intended to assault the victim. He also argues that the sentence should be reversed because the district court erroneously denied his motion for a downward departure and erred by upwardly departing to the statutory maximum sentence. Finally, Garcia argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by denying his recusal motion in light of the fact that Garcia swore at the judge and threatened to kill her.

*Sufficiency of the evidence*

Garcia preserved his sufficiency claim for appellate review. *See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007). "In deciding whether the evidence was sufficient, we review all evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *Id*. A conviction for assault of a federal officer requires that the Government prove "(1) forcible assault or resistance (2) of a federal officer (3) while engaged in the performance of official duties." *United States v. Moore*, 997 F.2d 30, 35 n.8 (5th Cir. 1993). The defendant does not need to have the intent to injure the victim, but the Government must show that the defendant intended the assault. *See United States v. Moore*, 958 F.2d 646, 649 (5th Cir. 1992).

Garcia maintains that the assault was not intentional because he was not in control of his body at the time of the incident. However, the evidence shows that Garcia became angry when the district court denied his motion to withdraw his plea. He then forcefully kicked the Assistant United States Attorney (AUSA) in the knee, lunged at him, pinned him against the rail of the jury box, grabbed him by the coat, and attempted to head butt him. Once the AUSA and Garcia fell to the ground, Garcia continued to struggle and had to be forcibly restrained by the United States Marshals. Although a probation officer testified that Garcia became agitated during the proceedings and he noticed some twitching in Garcia's legs, the probation officer further testified that the movement was not significant enough to make him take action. In sum, the evidence was sufficient for the jury to find that Garcia had requisite intent to assault the AUSA. *See Shum*, 496 F.3d at 392; *United States v. Ledezma-Hernandez*, 729 F.2d 310, 314 (5th Cir. 1984).

*Sentencing Issues*

Garcia attacks his sentence on two grounds.  He argues that the district court erred by denying his motion for a downward departure.  He also argues that the district court erred by upwardly departing to the statutory maximum sentence.

A court of appeals is generally without jurisdiction to review a sentencing court's refusal to grant a downward departure when its decision is based upon a determination that departure was not warranted on the facts of the case before it.  *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006).  A refusal to depart downward is reviewable only if the district court's refusal is based on the mistaken belief that the court lacked discretion to depart.  *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001).  Despite Garcia's arguments to the contrary, there is no indication in the record that the district court was under the mistaken impression that it could not depart.  Thus, this court lacks jurisdiction to review the denial of the downward departure.  *See Hernandez*, 457 F.3d at 424.

Garcia next challenges the upward departure to the statutory maximum. We review sentences for "reasonableness."  *Gall v. United States*, 552 U.S. 38, 46 (2007).  Reasonableness review, in the context of a departure, requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion."  *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted).  A district court does not abuse its discretion by upwardly departing if the reasons for the departure "(1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and (2) are justified by the facts of the case."  *Id.* (internal quotation marks and citation omitted).

The district court provided thorough and well-reasoned findings in support of its sentencing decision.  The district court stated that Garcia's unprovoked attack on the AUSA jeopardized the safety of court employees and the public in

general.  The court acknowledged Garcia's extensive criminal record and his mental health history and concluded that Garcia represented "a clear and continuous danger to the community."  The district court relied on that fact and the reasons set forth in Part E of the presentence report (PSR) as the basis for denying the motion for a downward departure, noting specifically that Garcia's criminal history indicated a strong need for incarceration in order to protect the public.   The district court further found that Garcia's "two unprovoked successive attacks of violence in the courtroom against Government officials" constitute an aggravating factor that "exists to a degree that is unrepresentative of cases heard before this Court or this division."  The district court's reasons for the departure advanced the objectives set forth in § 3553(a)(2) and were justified by the facts of the case.  *See Zuniga-Peralta*, 442 F.3d at 347.  Consequently, the district court did not abuse its discretion by upwardly departing.

In addition, the sentence imposed is within the range of departures that this court has determined to be reasonable.  *See, e.g., United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008) (upholding a 180-month sentence imposed as an upward departure and variance in a case where the maximum guidelines sentence was 51 months of imprisonment); *United States v. Jones*, 444 F.3d 430, 433-34 (5th Cir. 2006) (upholding a 120-month sentence imposed as an upward departure in a case where the maximum guidelines sentence was 57 months of imprisonment).  Accordingly, the sentence is affirmed.

*Recusal motion*

Finally, Garcia argues that the district court abused its discretion by denying his recusal motion.  Relying on *United States v. Greenspan*, 26 F.3d 1001, 1007 (10th Cir. 1994), he argues that recusal was mandated because the record shows that he issued a threat to kill the judge, which she took seriously, and that the court relied on the threats as a reason for upwardly departing to the statutory maximum.

No. 11-20537

Under 28 U.S.C. § 455(a), a justice, judge, or magistrate of the United States is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." This court ordinarily reviews the denial of a recusal motion for abuse of discretion. *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999). A "judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).

Given Garcia's history of engaging in disruptive and violent outbursts delaying judicial proceedings, and the district court's references to his apparent effort to avoid sentencing through his behavior, Garcia has not set forth any facts that would lead a reasonably objective person to doubt the impartiality of the district court. He has therefore failed to demonstrate that the district court abused its discretion in denying his recusal motion. *See Andrade*, 338 F.3d at 454; *Trevino*, 168 F.3d at 178.

AFFIRMED.