# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2021

Lyle W. Cayce
Clerk

No. 21-60082

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICENTE LOPEZ-SANCHEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-164-1

Before CLEMENT, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Vicente Lopez-Sanchez was convicted by a jury of assaulting, resisting, or impeding an officer of the United States while engaged in or on account of his official duties. *See* 18 U.S.C. § 111(a)(1). The district court imposed an above-Guidelines sentence. On appeal, Lopez-Sanchez urges us to find either instructional or sentencing error. We decline and AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60082

I

Lopez-Sanchez challenges his conviction by arguing the district court erred in its refusal of his proposed jury instruction.[1]  Lopez-Sanchez raises two arguments in support of this claim.  Neither has merit.

Lopez-Sanchez first argues *Rehaif v. United States*, 139 S. Ct. 2191 (2019), requires proof that a defendant knowingly violated each element of a given offense.  But this paints *Rehaif* too broadly.  The statute in *Rehaif* directed an *enhanced punishment* for "anyone who '*knowingly* violates' [the underlying statute]," which is what enumerated the criminal elements.  *Id.* at 2194 (holding "knowingly" applied to all underlying elements).  The plain text of § 111, however, contains no scienter-based enhancement.  Neither is there any suggestion that § 111 requires a heightened showing of *mens rea* to avoid criminalizing otherwise lawful conduct.[2]  *Cf. id.* at 2196–98 (accumulating examples, concluding "the defendant's status is the 'crucial

---

[1] The proposed instruction stated that, to find guilt, the jury must conclude beyond a reasonable doubt that Lopez-Sanchez "knew that the person assaulted was a federal officer . . . and that . . . the federal officer was then engaged in the performance of his official duty."  The given instruction, however, counselled that "it is not necessary to show that the defendant knew the person being forcibly assaulted was at that time a federal officer carrying out an official duty so long as . . . the defendant intentionally committed a forcible assault."

[2] The standard self-defense instruction for § 111 confirms this reality. *See generally* 2 Fed. Jury Prac. & Instr. § 24:12 (6th ed.) ("Lawful self-defense" instruction); *United States v. Feola*, 420 U.S. 671, 684–86 (1975) (commenting on defense, which belies *mens rea*).  This statute is therefore unlike those that have been justifiably subject to a heightened *mens rea*.  *Compare United States v. X-Citement Video, Inc.*, 513 U.S. 64, 68–69 (1994) (reading 18 U.S.C. § 2252 to provide defense for individuals who "had no idea that they were even dealing with sexually explicit material"), *and Liparota v. United States*, 471 U.S. 419, 426–27 (1985) (reading 7 U.S.C. § 2024(b)(1) to avoid collaterally criminalizing accidental use of food stamps at store with disqualifying prices), *with Carter v. United States*, 530 U.S. 255, 269–70 (2000) (declining heightened *mens rea* under 18 U.S.C. § 2113(a) because "forceful taking—even by a defendant who takes under a good-faith claim of right—falls outside the realm of . . . 'otherwise innocent' [conduct]").

2

element' separating innocent from wrongful conduct"). As such, not even a blank slate would give us reason to depart from the Supreme Court's earlier conclusion that § 111 requires nothing more than "an intent to assault, not an intent to assault a federal officer." *Feola*, 420 U.S. at 684–86; *see also, e.g.*, *United States v. Moore*, 958 F.2d 646, 648–49 (5th Cir. 1992). *See generally Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) (observing courts are bound to follow cases that directly control, even if potentially undermined).

Lopez-Sanchez's alternative reliance on *United States v. Young*, 464 F.2d 160 (5th Cir. 1972), is equally unavailing. There, the defendant argued he attempted to flee from "two strange white men" (in what he later learned was an unmarked police car) that had swerved in front of his car in order to "stop[] his path of travel," and the jury instruction precluded his potentially legitimate claim of self-defense. *Id.* at 162–64. We face no such dilemma. Not only does the record evidence preclude a legitimate claim of self-defense,[3] but Lopez-Sanchez never argued otherwise.[4] Suffice it to say, this court is not a forum for litigants to retry their unsuccessful defense on alternative, novel theories. *See, e.g.*, *Bd. of Comm'rs for Atchafalaya Basin*

---

[3] Lopez-Sanchez appears to overlook the fact that the arresting officer—a *uniformed* police officer—is who produced handcuffs and asked Lopez-Sanchez to "place his hands behind his back" while Lopez-Sanchez was sitting in a police car, lights flashing. Neither have we confronted any reasonable explanation for how the mere presence of a plain-clothed police officer, with badge and gun openly displayed, transmogrified this setting into an attack by an unknown assailant. *See generally* Ex. G-1 at 2:03–:48.

[4] Lopez-Sanchez conceded he "should not have [struggled] . . . [while] [a]n officer was trying to handcuff him" and instead argued, *inter alia*, that resisting arrest does not demonstrate intent to assault. This is echoed in Lopez-Sanchez's failure to request a self-defense instruction, instead urging a tailored instruction that emphasized the officer's status generally. *Cf.* 2 Fed. Jury Prac. & Instr. § 24:12 (6th ed.) ("Lawful self-defense" instruction for § 111).

*Levee Dist. v. Smyth*, 187 F.2d 11, 12 (5th Cir. 1951) (per curiam) (citations omitted).

## II

Lopez-Sanchez also contends his sentence was procedurally and substantively unreasonable. Again, we disagree.

## A

Lopez-Sanchez did not preserve his claim of procedural error by objecting to the explanation with which he now takes issue. *See, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (accumulating cases). He must therefore demonstrate an error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Upon such a showing, we have the discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Two points demonstrate that Lopez-Sanchez cannot survive this inquiry. First, the district court listened to the arguments of both parties, openly considered the 18 U.S.C. § 3553(a) factors, and indicated that it was persuaded by the Government's argument for an upward variance—allowing for effective appellate review. We see no error, much less a clear or obvious one. *See, e.g.*, *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013). Second, Lopez-Sanchez fails to demonstrate that a more thorough explanation might have resulted in a lower sentence, as is required to implicate his substantial rights. *See, e.g.*, *Mondragon-Santiago*, 564 F.3d at 364–65.

## B

Lopez-Sanchez also asserts his 180-month sentence of imprisonment is substantively unreasonable because it exceeded the Guidelines range of 100

to 125 months.  In reviewing a non-Guidelines sentence for substantive reasonableness, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range."  *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).  We "must [also] give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (internal quotation marks and citation omitted); *see also Brantley*, 537 F.3d at 350 (stating that a district court may rely on factors already taken into account by the Guidelines, including a defendant's criminal history).

Here, Lopez-Sanchez has not shown that the district court failed to account for a factor that demanded significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors.  *See, e.g.*, *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  His arguments amount to no more than an inappropriate invitation for us to reweigh sentencing factors.  *See Gall v. United States*, 552 U.S. 38, 51–52, 59 (2007) (explaining appellate courts should not re-weigh sentencing factors, reversing for insufficient deference).  We decline.

\*     \*     \*

The conviction and sentence are AFFIRMED.