# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60076
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 18, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Devadrick Markevin Booker,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-134-1

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Devadrick Markevin Booker was convicted by a jury on one count of forcibly assaulting a federal officer engaged in the performance of his official duties, a violation of 18 U.S.C. § 111(a) and (b), and one count of discharging a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60076

On appeal, Booker challenges only the sufficiency of the evidence and argues that the Government failed to show that he was not acting in self-defense. Booker preserved the issue, so we apply de novo review. *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007). When reviewing a sufficiency of the evidence challenge under de novo review, we give substantial deference to the jury verdict. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). "We do not consider whether the jury correctly determined innocence or guilt, but whether the jury made a rational decision." *United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002). Although Booker stated that he believed it was the same person or persons from an earlier shooting returning to the scene, the jury has the authority to weigh conflicting evidence and evaluate the credibility of testimony. *United States v. Grant,* 683 F.3d 639, 642 (5th Cir. 2012).

The Government sufficiently refutes a claim of self-defense to a § 111 charge if it shows that "the defendant knew of the victim's status or that the defendant's actions were not reasonably justified." *United States v. Moore*, 958 F.2d 646, 649 (5th Cir. 1992). Under these factual circumstances, we agree with the Government that a rational jury could have found that Booker's decision to shoot at the vehicle was not reasonably justified. *See Nolasco-Rosas*, 286 F.3d at 765; *Moore*, 958 F.2d at 649.

AFFIRMED.