# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2007**

Charles R. Fulbruge III
Clerk

No. 06-11002

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SHIU SUN SHUM, also known as Nixon Shum

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, WIENER, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Shiu Sun Shum ("Shum") appeals his convictions following a jury trial for conspiring to conceal, harbor or shield aliens from detection and for concealing, harboring or shielding aliens for the purpose of commercial advantage and private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(iii), and (a)(1)(B)(i).

Shum challenges the sufficiency of the evidence to uphold his convictions. Because Shum properly preserved this issue by moving for a judgment of acquittal at the close of the Government's case and at the close of all evidence, we review this issue de novo. United States v. Penaloza-Duarte, 473 F.3d 575, 579 (5th Cir. 2006). In deciding whether the evidence was sufficient, we review

all evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. De Jesus-Batres, 410 F.3d 154, 160 (5th Cir. 2005).

To convict Shum of concealing, harboring or shielding aliens, the Government must establish the following four elements: "(1) the alien entered or remained in the United States in violation of the law, (2) the defendant concealed, harbored or sheltered the alien in the United States, (3) the defendant knew or recklessly disregarded that the alien entered or remained in the United States in violation of the law, and (4) the defendant's conduct tended to substantially facilitate the alien remaining in the United States illegally." De Jesus-Batres, 410 F.3d at 160; see also 8 U.S.C. § 1324(a)(1)(A)(iii).[1]

Shum argues only that the Government failed to prove the fourth element—that his conduct "substantially facilitated" an alien's ability to remain in the United States illegally. Shum does not dispute that his office-cleaning company hired illegal aliens as janitors, but he argues that employing these aliens did not "substantially facilitate" their ability to remain in the United States. Rather, he argues, employment made it more likely that they would be detected and deported. Specifically, Shum asserts that those aliens whom he was charged with harboring testified at trial that they had remained in the United States before and after they were employed by Shum and that, therefore,

---

[1] The conspiracy count required proving, inter alia, a direct or indirect agreement to commit the underlying offense. See De Jesus-Batres, 410 F.3d at 160. While Shum claims to challenge both convictions, he does not argue that the evidence was insufficient to prove the requisite elements of conspiracy; therefore, we do not address it.

For the same reason, we do not address the jury's finding that Shum's crime was committed for "commercial advantage or private financial gain." We note, however, that the Government did not need to prove that Shum's crime was committed for financial gain for purposes of a conviction, but rather to support the sentencing court's imposition of the heightened penalty provided in 8 U.S.C. § 1324(a)(1)(B)(i).

his conduct had no bearing on the aliens' remaining in the United States illegally.

We reject Shum's narrow view of what it means to "substantially facilitate" an alien's remaining in the country. He would have the Government show that "but for" his conduct, the affected alien or aliens would not remain in the United States. Congress intended for § 1324 to deter "[e]mployers . . . from hiring unauthorized aliens and this, in turn[,] will deter aliens from entering illegally or violating their status in search for employment." United States v. Kim, 193 F.3d 567, 573 (2d Cir. 1999) (quoting H.R.Rep. No. 99-682(I), at 46 (1986), reprinted in 1986 U.S.C.C.A.N. 5649, 5650). We decline to adopt a definition of "substantially facilitate" that undermines Congress's purpose in enacting § 1324. Instead, we hold that to "substantially facilitate" means to make an alien's illegal presence in the United States substantially "easier or less difficult." United States v. Dixon, 132 F.3d 192, 200 (5th Cir. 1997).

A rational trier of fact could have found that Shum made it easier for aliens to remain in the United States illegally. There was evidence that Shum was vice-president of an office-cleaning company and that he employed as janitors aliens without legal status. Witnesses testified that Shum provided false identifications to these aliens to facilitate the background check required to clean government buildings. Shum admitted to police that he made these false identification cards. A former subordinate testified that Shum did not file social security paperwork on aliens. In sum, there is ample evidence that Shum provided aliens with employment in the United States and took steps that would shield their identities from detection by the government. Thus, the evidence was sufficient to show that Shum "substantially facilitated" these aliens' ability to remain in the United States illegally. See Kim, 193 F.3d at 574-75 (finding sufficient for harboring conviction evidence that defendant "took steps designed to help [the alien] remain in his employ, undetected by the INS").

Shum also argues that the testimony of his former co-defendant was not credible. However, in determining sufficiency, we do not review the credibility of witnesses. Penaloza-Duarte, 473 F.3d at 579 (citing United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993)).

AFFIRMED.