IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-50703
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GABRIEL HINOJOS-MENDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1782-ALL

Before GARWOOD, WIENER and GARZA, Circuit Judges.

PER CURIAM:[*]

Gabriel Hinojos-Mendez (Hinojos) appeals his jury-trial conviction on one count of conspiring to conceal, harbor, and shield from detection illegal aliens. His sole contention on appeal is that the evidence was insufficient to support his conviction.

Because Hinojos preserved the issue of the sufficiency of the evidence, the applicable standard of review is "whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003). The evidence need not exclude every other reasonable hypothesis of innocence or be inconsistent with every conclusion except that of guilt. United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995).

Three witnesses testified that they saw Hinojos at an apartment near downtown El Paso where they stayed overnight after illegally reentering the United States. Hinojos argues that the testimony of these witnesses was incredible as a matter of law. He contends that the time lines provided by the illegal aliens placed them in Las Cruces, New Mexico, at the time in question.

While, as the Government concedes, there is some confusion in the testimony of the illegal aliens as to the exact date they illegally reentered and the number of days thereafter they were in Las Cruces before returning to El Paso and going to the apartment and there are some inconsistencies in their testimony, nevertheless, as the Government argues, their testimony is clear that they observed Hinojos at the apartment getting food for and otherwise involved with the illegal aliens being harbored there. Their testimony in this respect, if credited by the jury, amply suffices to sustain the verdict. It is the province of the jury to determine the weight and credibility of the evidence. United States v. Casilla, 20 F.3d 600, 602 (5th Cir. 1994). The testimony of these witnesses was not "factually impossible." See United States v. Casel, 995 F.2d 1299, 1304 (5th Cir. 1993).

Taken in the light most favorable to the verdict, the evidence showed that Hinojos acted in concert with others involved in the offense by acting as a lookout at the apartment complex and by providing food to the illegal aliens, conduct which, by its nature, "tended to substantially facilitate the alien[s] remaining in the United States illegally." United States v. De Jesus-Batres, 410 F.3d 154, 160 (5th Cir. 2005). See also United States v. Shum, 496 F.3d 390, 392

(5th Cir. 2007). Because the evidence was sufficient to support the jury's verdict, we affirm the judgment of the district court.

AFFIRMED.