# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-30150
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL MARTINEZ-MEDINA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20027-1

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel Martinez-Medina (Martinez) appeals his conviction for harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), arguing that the evidence was insufficient to support the jury's verdict. Because Martinez sufficiently preserved his challenge, we review the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a reasonable doubt. See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003).

To obtain a conviction for harboring illegal aliens, the Government must establish the following four elements: 1) the alien in question entered or remained in the United States in violation of law; 2) the defendant harbored him in the United States, 3) the defendant knew or recklessly disregarded that the alien entered or remained in the United States illegally, and 4) the defendant's conduct tended to substantially facilitate the alien remaining in the United States illegally. United States v. De Jesus-Batres, 410 F.3d 154, 160 (5th Cir. 2005). Martinez challenges the sufficiency of the evidence to support the second and fourth elements, arguing that, in order to establish that a defendant harbored illegal aliens, the Government must show that he actively hid them from detection. He contends that the evidence is insufficient because it shows only that he hired illegal aliens to work for him, not that he attempted to conceal them from authorities. He further argues that the evidence is insufficient because the Government did not establish his specific intent to violate the statute. Martinez additionally urges that his incriminating statements to the agents should not have been given much evidentiary weight due to his limited education and problems speaking English.

Contrary to Martinez's assertion, specific intent is not an element of the offense of alien harboring. See De Jesus-Batres, 410 F.3d at 162. Martinez is also incorrect that the Government must prove that he actively hid aliens from detection. See id. at 160. Rather, the Government satisfies its burden if it proves that the defendant harbored aliens and that his conduct tended to substantially facilitate the aliens' continued illegal presence. Id. at 162; see United States v. Varkonyi, 645 F.2d 453 (5th Cir. 1981). "Substantially facilitate means to make an alien's illegal presence in the United States substantially easier or less difficult." United States v. Shum, 496 F.3d 390, 392 (5th Cir. 2007).

Viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found that Martinez's conduct made it easier for the aliens he employed to remain in the United States illegally. He provided the aliens with jobs, transportation, housing, and utilities. Martinez also paid his workers in cash, did not pay taxes on the workers' wages, and did not complete the required I-9 forms, thereby enabling them to avoid scrutiny by federal authorities. Moreover, Martinez advised his workers not to run when Border Patrol vehicles drove past in order to avoid arousing suspicion, advice intended to enable them to avoid detection. Thus, the evidence shows that Martinez's conduct substantially facilitated the aliens' illegal presence and was sufficient to support his conviction. See Shum, 496 F.3d at 392-93. Martinez's assertion that the jury should not have credited his statements due to his limited English and education is not well-taken. Three agents testified that Martinez answered their questions in English without trouble, and Agent Holdman testified that Martinez assisted in translating English questions into Spanish for another person on the scene. The jury apparently credited the agents' testimony, and this court will not disturb that credibility determination, nor will it reweigh the evidence. See United States v. Casilla, 20 F.3d 600, 602 (5th Cir. 1994); see also Isaacs v. American Petrofina, 368 F.2d 193, 195 (5th Cir. 1966).

The district court's judgment is AFFIRMED.