**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-61102
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADNAN DAHAB, also known as Adnan Abudahab, also known as Eddie Dahab,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi, Southern Division
USDC No. 1:08-CR-29-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Adnan Dahab was convicted of one count of conspiracy to traffic in counterfeit goods and four counts of trafficking in counterfeit goods. The district court sentenced Dahab to concurrent terms of 51 months of imprisonment and three years of supervised release and ordered him to pay $13,375.03 in restitution and a $500 special assessment. Dahab now appeals.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Dahab argues that the evidence was insufficient to support his conviction on each count of the indictment. Dahab moved for a judgment of acquittal at the close of the government's case in chief and again after he presented his evidence. Accordingly, we review the sufficiency of the evidence de novo. *See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007). In doing so, we look at the evidence "in the light most favorable to the government [and] with all reasonable inferences and credibility choices made in support of a conviction." *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 2814 (2009).

The elements the government must prove to secure a conviction of conspiracy under 18 U.S.C. § 371 are "an agreement between two or more persons to commit a crime against the United States and an overt act by one of them in furtherance of the agreement." *United States v. Yamin*, 868 F.2d 130, 133 (5th Cir. 1989). The elements the government must prove to convict a defendant of violating 18 U.S.C. § 2320 are that "(1) the defendant trafficked or attempted to traffic in goods or services; (2) such trafficking, or the attempt to traffic, was intentional; (3) the defendant used a counterfeit mark on or in connection with such goods or services; and (4) the defendant knew that the mark so used was counterfeit." *United States v. Hanafy*, 302 F.3d 485, 487 (5th Cir. 2002).

Dahab's contention that there is no evidence that he actually trafficked in Nike shoes after being issued a cease and desist order is unavailing. Section 2320(a)(1) criminalizes attempted trafficking as well as successful trafficking, and the jury heard testimony that Dahab displayed counterfeit Nike shoes for retail sale after being served with a cease and desist order that informed him unequivocally that those shoes were counterfeit.

Dahab primarily challenges the sufficiency of the government's evidence that he knew that the Nike shoes and the Lacoste and Polo brand shirts he sold were counterfeit. The FBI agent's testimony that Dahab was still displaying

2

counterfeit shoes for sale well after he received the cease and desist order was sufficient for the jury to have found the requisite knowledge for the conspiracy count (Count 1) and for the § 2320 count charging trafficking or attempted trafficking of Nike shoes on or about the date the warrant was executed (Count 5).

With respect to evidence pertaining to Dahab's knowledge to support the three substantive § 2320 counts relating to particular sales of Nike shoes and Lacoste and Polo shirts (Counts 2, 3, and 4), the jury heard testimony of an investigator that, during the execution of the search warrant, Dahab protested that certain designer merchandise in his store was not counterfeit. The investigator testified that, upon examination, that particular merchandise turned out to be genuine designer clothing and that he then realized that Dahab knew what merchandise in his store was counterfeit and what was not. The jury heard testimony that during the search and seizure, Dahab was very reluctant to have an FBI agent open a box that contained damaging documentary evidence, indicating that he knew his merchandise was counterfeit.

The jury also heard from a coconspirator, Abbas Chouman, the wholesale distributor of the counterfeit merchandise. Chouman testified that he informed Dahab at the beginning of their business relationship that the merchandise he sold was counterfeit. He also testified that he had warned Dahab about the risk of selling counterfeit Nike shoes, due to the number of investigators that Nike employs. Viewing the evidence in the light most favorable to the government and with reasonable inferences and credibility choices made in support of the conviction, the evidence was sufficient to support Dahab's conviction on each count of the indictment.

Dahab also argues that the district court erred in admitting Chouman's testimony that he previously pleaded guilty to the conspiracy. Dahab filed an unsuccessful motion in limine seeking to prevent the government from introducing evidence of Chouman's guilty plea and conviction. We review the

district court's decision to allow the introduction of this evidence for abuse of discretion. Fed. R. Evid. 103(a); *see also United States v. Setser*, 568 F.3d 482, 493 (5th Cir. 2009), *petition for cert. filed*, (U.S. Sep. 12, 2009) (No. 09-6460).

"[A] defendant is entitled to have the questions of his guilt determined upon the evidence against him, not on whether a Government witness or codefendant has pled guilty to the same charge." *United States v. Fleetwood*, 528 F.2d 528, 532 (5th Cir. 1976) (internal quotation marks and citation omitted). However, the guilty plea of a coconspirator may be disclosed at trial, provided that (1) the evidence serves a legitimate purpose and (2) a proper limiting instruction is given. *United States v. Valley*, 928 F.2d 130, 133 (5th Cir. 1991). "[A] legitimate reason exists when the record reflects a defensive strategy to emphasize or rely on a co-conspirator's guilt." *Id.*

In his motion in limine, Dahab did not seek to exclude the evidence, he sought only to prevent the government from introducing it. He did not state that he would not use the evidence of Chouman's conviction to attack his credibility. Dahab stated merely that he had "not indicated to the government that he would use Chouman's felony conviction for impeachment purposes." The district court specifically noted in its order denying Dahab's motion in limine that this statement was insufficient to warrant the exclusion of the evidence. At no time after this did defense counsel attempt to be less equivocal or state definitively for the record that the defense would not bring up Chouman's conviction if the government did not. Under these circumstances, the district court did not abuse its discretion by finding that a legitimate purpose was served by the evidence. *See Valley*, 928 F.2d at 132-35.

Further, the district court gave a "clear and strong cautionary instruction" to the jury after Chouman's testimony and again while giving the jury their instructions that a jury "may use the accomplice's guilty plea only to assess his credibility as a witness and not to create an inference of guilt against the accused." *United States v. Borchardt*, 698 F.2d 697, 701 (5th Cir. 1983) (internal

quotation marks and citation omitted). The district court's instructions were sufficient, and there was no abuse of discretion with respect to the introduction of Chouman's testimony regarding his guilty plea and conviction. The judgment of the district court is AFFIRMED.