**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-30181
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR B BRANCH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CR-10029-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Edgar B. Branch was convicted of one count of voluntary manslaughter and was sentenced to serve 120 months in prison. In this appeal, Branch argues that the evidence adduced at trial is insufficient to support his conviction. He insists that the evidence shows that he acted under duress and that he was forced to stab the victim to avoid meeting the same fate himself.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Branch moved for a judgment of acquittal at the close of the Government's case and again after he presented his own case, we conduct a de novo review of his challenge to the sufficiency of the evidence. *See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007). When conducting this analysis, we view the evidence "in the light most favorable to the government with all reasonable inferences and credibility choices made in support of a conviction." *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 2814 (2009). "[I]f the evidence would permit a rational fact finder to find every element of the offense beyond a reasonable doubt, we must affirm." *Id.*

When viewed in light of the above-listed standards, the evidence adduced at trial shows that Branch and the victim got into an altercation that ended with the victim telling Branch that Branch would not be harmed and walking away from Branch with his back turned. Branch then armed himself with two knives, resumed the fight, and killed the victim. This evidence sufficed to permit a reasonable juror to conclude that Branch committed the "unlawful killing of a human being without malice" and "[u]pon a sudden quarrel or heat of passion." *See* 18 U.S.C. § 1112(a). This evidence concomitantly refutes Branch's theory of duress. *See United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998). We will not second-guess the jury's decision to credit statements supporting this version of events, nor will we reweigh the evidence. *See United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005); *United States v. Rodriquez*, 278 F.3d 486, 490 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.