# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2010

No. 09-60868

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLARENCE BLEVINS,

Defendant-Apellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:09-CR-15-1

Before HIGGINBOTHAM, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Clarence Blevins appeals his conviction under 18 U.S.C. § 373(a) for solicitation of murder-for-hire. Blevins contends that the district court erred by admitting evidence of his prior conviction for the same crime, failing to instruct the jury that actual travel in interstate commerce is required for a violation of 18 U.S.C. § 373(a), and refusing to give an entrapment instruction. Blevins also argues that the evidence at trial was insufficient to support his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60868

## FACTS AND PROCEEDINGS

In the spring of 2007, while Blevins was incarcerated at the Federal Correctional Institution Medium at Yazoo City, Mississippi, an inmate named G.W. sent letters to the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, and Firearms ("ATF") stating that Blevins had requested G.W.'s help in hiring a hit man to murder several individuals who resided in Florida. At trial, G.W. testified that Blevins had initiated conversations with other inmates about explosives and that Blevins had broached the subject of the murders with G.W. after G.W. mentioned that he knew a hit man who might want to buy explosives. Before the FBI and prison officials could obtain permission to use G.W. as a confidential informant, Blevins was transferred to the Federal Correctional Institution Low ("FCI Low") at Yazoo City.

After Blevins's transfer, a Bureau of Prisons ("BOP") official contacted C.W., an inmate at the FCI Low who had proven to be reliable in past government investigations, to ask for his assistance in investigating Blevins. C.W. wore a concealed wire to record two conversations with Blevins on September 23, 2008 and November 24, 2008. During the recorded conversations, Blevins advised C.W. that he wanted someone to kill three individuals in Florida: his ex-wife, her boyfriend, and her neighbor. Blevins told C.W. that he would provide C.W. with explosives in exchange for carrying out the murders.

In the taped conversations, Blevins and C.W. discussed various methods of killing these individuals. In one conversation, Blevins stated that he wanted the murders to appear to be a murder-suicide and suggested that C.W. find a way to plant the neighbor's fingerprints on the gun. In another conversation, they discussed making the murders look like home invasions. Blevins told C.W.

2

No. 09-60868

to shoot the victims and instructed C.W. on how to make a silencer from a soda can filled with Styrofoam. Blevins said that he wanted the murders to happen while he was still incarcerated so that he would have an alibi. Blevins also provided C.W. with a detailed description of his ex-wife's house, including the address and layout of the house. C.W. asked Blevins several times if he was serious about wanting his ex-wife killed, and each time Blevins assured C.W. that he wanted the murder committed. In one of the recorded conversations, Blevins told C.W. that he could rape his ex-wife prior to killing her if he was careful not to leave behind any DNA evidence.

Subsequently, Blevins was arrested and charged with solicitation of murder-for-hire under 18 U.S.C. § 373(a). At his 2009 trial, Blevins testified that he started talking to other inmates about his access to explosives to curry favor with them and to ensure that he would not be harmed in prison. Blevins also testified that he was gathering the names of inmates who wanted explosives and that he planned to provide the government with their names after he was released. Blevins testified that he discussed the murders of his ex-wife, her boyfriend, and her neighbor with C.W. in order to keep him talking about explosives. The jury convicted Blevins of solicitation of murder-for-hire.

## DISCUSSION

### A. Admission of Blevins's Prior Conviction

Blevins argues that the district court erred in admitting evidence of his prior conviction for solicitation of murder-for-hire under 18 U.S.C. § 373(a). "This court reviews for abuse of discretion a district court's decision to admit or exclude evidence." *U.S. v. Yi*, 460 F.3d 623, 631 (5th Cir. 2006) (citing *United States v. Cantu*, 167 F.3d 198, 203 (5th Cir. 1999)). "In a criminal case, Rule

404(b) evidence must be strictly relevant to the particular offense charged." *Id.* *(*quoting *United States v. Hernandez-Guevara*, 162 F.3d 863, 869 (5th Cir. 1998) (internal quotation omitted)).

Rule 404(b) prohibits the admission of evidence of other acts to prove the defendant's conformity therewith. Fed. R. Evid. 404(b). However, the rule permits other-acts evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* This circuit follows a two-step test, incorporating Rules 401 and 403, for admission of extrinsic evidence of prior offenses or other misconduct under Rule 404(b):  The extrinsic evidence (1) must be relevant to an issue other than the defendant's character and (2) must have probative value that is not substantially outweighed by its prejudicial effect on the jury. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); Fed. R. Evid. 401, 403; *see also United States v. Redd*, 355 F.3d 866, 879 (5th Cir. 2003).

"*Beechum*'s relevancy threshold is satisfied if the evidence is relevant to an issue other than propensity to commit the act, such as intent, motive, or plan." *United States v. LeBaron*, 156 F.3d 621, 624 (5th Cir. 1998) (citing Fed. R. Evid. 404(b)). "When extrinsic evidence is offered to prove intent, the relevancy of such evidence is ascertained by comparing the state of mind in perpetrating the different offenses." *Id.* (citing *United States v. Gordon*, 780 F.2d 1165, 1173 (5th Cir. 1986)). Blevins's defense at trial was that, although he discussed murdering his ex-wife and others, he did not actually intend their deaths. Blevins's prior conviction of solicitation of murder-for-hire of his ex-wife was relevant to his intent and motive to solicit her murder-for-hire.

Next, we consider whether the prior conviction's probative value was outweighed by substantial prejudice to Blevins. "We consistently have held that evidence of a defendant's prior conviction for a similar crime is more probative than prejudicial and that any prejudicial effect may be minimized by a proper jury instruction." *United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000) (citing *United States v. Harris*, 932 F.2d 1529 (5th Cir. 1991); *United States v. Bermea*, 30 F.3d 1539 (5th Cir. 1994)). In this case, the district court instructed the jury that Blevins's prior conviction was to be considered for the limited purpose of determining his intent and motive, and not as evidence that he committed the offense charged. Considering the probative value of the evidence and the district court's limiting instruction, the court did not abuse its discretion in permitting the government to introduce this evidence.

**B. Jury Instructions**

Blevins contends that the district court improperly instructed the jury that actual interstate travel was not required to find the defendant guilty of violating 18 U.S.C. § 373(a). The standard of review applied to jury instructions is "whether the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of the law applicable to the factual issues confronting them." *United States v. Sharpe*, 193 F.3d 852, 871 (5th Cir. 1999) (quoting *United States v. August*, 835 F.2d 76, 77 (5th Cir. 1987)). "A trial court is given broad discretion to fashion jury instructions" and will be reversed "only upon a determination that the district court has abused its discretion." *United States v. Johnson*, 872 F.2d 612, 621-22 (5th Cir. 1989).

To find a defendant guilty of solicitation of murder-for-hire, the jury must find: (1) that the defendant intended for another person to commit murder-for-

hire and (2) that the defendant induced or tried to persuade that other person to commit murder-for-hire. *See* 18 U.S.C. § 373(a); *United States v. Razo-Leora*, 961 F.2d 1140, 1148 n.6 (5th Cir. 1992); *see also United States v. Cardwell*, 433 F.3d 378, 390-91 (4th Cir. 2005). The plain language of the statute indicates that actual movement in interstate commerce is not required for a solicitation conviction under 18 U.S.C. § 373(a). *C.f. United States v. Blackthorne*, 378 F.3d 449, 454 (5th Cir. 2004) ("Even where a conviction for the substantive offense of federal murder-for-hire fails for want of interstate travel, a defendant can be convicted of conspiring to commit the offense."). After explaining the elements of 18 U.S.C. § 373(a) and the murder-for-hire statute, 18 U.S.C. § 1958, the district court instructed the jury:

> It is not required that anyone actually traveled in interstate commerce for you to find the defendant guilty of solicitation to commit a crime of violence, so long as you find beyond a reasonable doubt that the defendant intended to cause another to travel in interstate commerce to commit the crime of murder for hire.

The district court correctly stated the law and did not err in instructing the jury that actual interstate travel was not required to convict Blevins of solicitation of murder-for-hire.

### C. Entrapment Instruction

Blevins also argues that the district court erred in denying his request at trial for a jury instruction on entrapment. We review de novo a district court's refusal to offer a "theory of defense" requested by the defendant. *United States v. Bradfield*, 113 F.3d 515, 521 (5th Cir. 1997)). "[W]hen a defendant's properly requested entrapment instruction is undergirded by evidence sufficient to support a reasonable jury's finding of entrapment, the district court errs

reversibly by not adequately charging the jury on the theory of entrapment." *Bradfield*, 113 F.3d at 521. A defendant is entitled to an entrapment instruction when he produces evidence of (1) a "lack of predisposition to commit the offense and (2) some governmental involvement and inducement more substantial than simply providing an opportunity or facilities to commit the offense." *United States v. Gutierrez*, 343 F.3d 415, 419 (5th Cir. 2003) (internal quotation marks omitted); *see also Bradfield*, 113 F.3d at 522 ("Evidence that government agents merely afforded the defendant an opportunity or facilities for the commission of the crime is insufficient to warrant the entrapment instruction."). The critical inquiry is whether the criminal intent originally resided in the defendant or whether the government planted the seed of criminality. *Gutierrez*, 343 F.3d at 419.

Blevins's claim for an entrapment instruction founders on the predisposition prong of the entrapment defense. Although Blevins testified at trial that he did not intend to harm his ex-wife, in two taped conversations introduced into evidence, Blevins spoke to C.W. about his hostility toward his ex-wife and discussed plans to kill her. Blevins described in detail the location and layout of his ex-wife's house and told C.W. that he could rape her before killing her. On several occasions, C.W. asked Blevins if he was sure that he wanted his ex-wife killed, and Blevins assured C.W. that he did. At no time during these conversations did Blevins express reluctance or uncertainty about the murder of his ex-wife. In addition, Blevins previously was convicted of soliciting the murder-for-hire of his ex-wife. The evidence at trial did not raise a reasonable doubt regarding entrapment, and the district court did not err in denying Blevins's request for an entrapment instruction.

No. 09-60868

**D. Sufficiency of the Evidence**

Blevins contends that the evidence at trial was insufficient to support his conviction. Because Blevins properly preserved his sufficiency of the evidence argument by moving for a judgment of acquittal at the close of the government's case and at the close of all evidence, this court's review is de novo. *See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007). "In deciding whether the evidence was sufficient, we review all evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *Id.* The court "consider[s] the countervailing evidence as well as the evidence that supports the verdict in assessing sufficiency of the evidence." *United States v. Brown*, 186 F.3d 661, 664 (5th Cir. 1999) (internal quotations omitted). The evidence is insufficient to support the verdict "[i]f . . . the evidence gives equal or nearly equal circumstantial support to a theory of guilt, as well as to a theory of innocence." *United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).

Blevins attacks the credibility and reliability of the informants as witnesses. This argument is unpersuasive. The sufficiency of the evidence standard gives "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Casillas*, 20 F.3d 600, 602 (5th Cir. 1994) ("The jury is solely responsible for determining the weight and credibility of the evidence; this court will not substitute its own determination of credibility for that of the jury."). In short, viewing the evidence in the light most favorable to

8

the verdict, a rational jury could have credited the testimony by G.W. and C.W. *See United States v. Restrepo*, 994 F.2d 173, 182 (5th Cir. 1993) ("The jury is the final arbiter of the weight of the evidence, and of the credibility of witnesses").

Blevins also argues that the government failed to present evidence of the use of interstate commerce by Blevins as required by 18 U.S.C. § 1958. However, Blevins was convicted of solicitation of a crime of violence—in this case, murder-for-hire—under 18 U.S.C. § 373(a). As discussed above, so long as Blevins intended that another individual commit all of the elements of 18 U.S.C. § 1958 and induced or tried to persuade that individual to commit all of the elements of 18 U.S.C. § 1958, he can be found guilty under 18 U.S.C. § 373(a). During taped conversations, introduced into evidence, Blevins and C.W. discussed C.W. traveling from Louisiana to Florida to murder Blevins's ex-wife, her boyfriend, and her neighbor. Blevins stated several times that he wanted these individuals murdered and offered C.W. explosives in exchange for their deaths. Viewing all evidence in the light most favorable to the verdict, a reasonable trier of fact could find that the evidence established Blevins's guilt beyond a reasonable doubt.

## CONCLUSION

For the reasons stated, we AFFIRM Blevins's conviction.