# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 21, 2010

Lyle W. Cayce
Clerk

No. 09-51177
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM DAVID MUSAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-169-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

William David Musar appeals his jury convictions for two counts of making a false statement to Drug Enforcement Administration (DEA) agents in violation of 18 U.S.C. § 1001(a)(2).  Musar was sentenced to concurrent terms of three years of probation, a $5,000 fine on count one, and a $100 special assessment on each count.

DEA agents questioned Musar, the owner of the Homeport storage facility, regarding whether Mitchell Block, an employee, was growing marijuana there.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51177

The Government alleged Musar falsely stated that Block only had access to a storage area for supplies and had no keys to the facility. At trial, it was undisputed that Block had lived in an apartment at the facility and had a key to the apartment.

Musar contends that the district court erred in admitting evidence of Block's marijuana growing activities and the drug-related items found in his apartment as well as evidence that Musar stated he would have known if someone was growing marijuana at the facility because he would have noticed a change in the electricity bill. Evidence of Block's marijuana cultivation was relevant to whether the investigation was a matter within the jurisdiction of the DEA, an element of the offense. *See* § 1001(a)(2); *United States v. Najera Jimenez*, 593 F.3d 391, 399 (5th Cir. 2010). The evidence had little probative value because the element was established by other evidence. However, even if the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, we are not convinced "there is a reasonable probability that the improperly admitted evidence contributed to the conviction." *United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007). Therefore, the error in admitting the evidence was harmless. *See id.*; FED. R. CRIM. P. 52(a).

The evidence regarding Musar's familiarity with indoor marijuana cultivation was irrelevant. *See* FED. R. EVID. 401. However, because there is no indication that the evidence contributed to the verdict, the error was harmless. *See Sumlin*, 489 F.3d at 688.

Musar also contends there was insufficient evidence the statement alleged in count one of the indictment, that the only part of the Homeport storage facility to which Block had access was a supply area, was false. Musar argues his interpretation of the "Homeport storage facility" as including only storage areas was as reasonable as the Government's intended meaning that it included all areas of the facility regardless of their use. However, a reasonable jury could have found that Musar understood he was being asked about Block's access to

2

the entire facility and his statement that Block only had access to a supply area was false. *See United States v. Brown*, 459 F.3d 509, 529 (5th Cir. 2006) (analyzing a conviction under 18 U.S.C. § 1623(a)); *cf. United States v. Bell*, 623 F.2d 1132, 1137 (5th Cir. 1980) (same). Therefore, the conviction as to count one is affirmed.

Finally, Musar contends there was insufficient evidence he told agents that Block had no keys that would provide him access to the Homeport storage facility as alleged in count two of the indictment. The agents testified that Musar told them Block had keys to a supply area and the facility's office. However, the agents did not testify that Musar told them Block had no keys to the facility, and Musar denied making such a statement. Therefore, the jury could not have found the essential elements of the offense in count two beyond a reasonable doubt. *See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007). Accordingly, the conviction as to count two is vacated.

The conviction as to count one is AFFIRMED. The conviction as to count two is VACATED, and the district court's judgment is MODIFIED to impose only a $100 special assessment. Any money paid by Musar in excess of $100 toward the erroneous special assessment should be refunded.