# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2015

Lyle W. Cayce
Clerk

No. 14-40411

UNITED STATES OF AMERICA,

                         Plaintiff-Appellee

v.

MIGUEL GRANADENO,

                         Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-458-1

Before JONES and HAYNES, Circuit Judges, and CRONE, District Judge.[*]
PER CURIAM:[**]

Miguel Granadeno ("Granadeno") appeals his convictions for conspiracy to transport an undocumented alien within the United States by means of transportation and otherwise for commercial advantage or private financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i) and transporting an undocumented alien within the United States by means of

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transportation and otherwise for commercial advantage or private financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). Granadeno argues that his convictions and sentences should be vacated because: (1) the evidence presented at trial was insufficient to support his convictions; (2) the prosecutor made improper remarks during his closing argument; (3) the district court engaged in *ex parte* communications with the jury during its deliberations; (4) the district court erroneously applied a reckless endangerment enhancement during sentencing; and (5) the cumulative error doctrine should be applied by this court.

Granadeno, a truck driver, was stopped at the checkpoint north of Laredo, Texas, on April 18, 2013. United States Border Patrol Agents searched his vehicle and discovered six undocumented aliens hiding inside the cab. After Granadeno entered a plea of not guilty, his trial commenced on August 19, 2013. Although Granadeno testified that he was unaware of the aliens in his truck, the jury convicted him on all counts on August 21, 2013. He appeals both his convictions and sentences.

## A. Sufficiency of the Evidence

Granadeno first argues that the evidence presented at trial was insufficient to support the jury's verdict that he was a member of the conspiracy, that he agreed to transport aliens, that he knowingly transported aliens for financial gain, and that he voluntarily participated in the alleged conspiracy. Because Granadeno moved for a judgment of acquittal at the close of the government's case and again after he presented his own case, we conduct a de novo review of his challenges to the sufficiency of the evidence. *See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007).

No. 14-40411

To obtain a conviction for conspiring to transport an alien within the United States for commercial advantage or private financial gain, the government must prove:

> (1) that the defendant and at least one other person made an agreement to commit the crime of transporting an alien within the United States for the purpose of commercial advantage or private financial gain; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement willfully.

8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i). A conviction for knowingly transporting an alien within the United States for commercial advantage or private financial gain requires the government to prove:

> (1) that an alien had entered or remained in the United States in violation of the law; (2) that the defendant knew or recklessly disregarded the fact that the alien was in the United States in violation of the law; (3) that the defendant transported the alien within the United States with intent to further the alien's unlawful presence; and (4) that the offense was done for the purpose of commercial advantage or private financial gain.

8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324 (a)(1)(B)(i).

"This court reviews the record to determine whether, considering the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir.) (en banc), *cert. denied*, 135 S. Ct. 170 (2014). The government may prove its case through direct or circumstantial evidence, and "the jury is free to choose among reasonable constructions of the evidence." *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). Appellate review of the sufficiency of the evidence following a criminal

3

conviction is "highly deferential to the verdict." *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002).

Trial testimony from two material witnesses, Juan Garcia-Morales ("Morales") and Juan Villanueva-Perez ("Perez")—Mexican nationals who had no legal right to enter the United States—establishes that they each paid money to be smuggled through the checkpoint in a tractor trailer. Both Morales and Perez identified Granadeno as the driver who transported them to the checkpoint. Additionally, both testified that Granadeno told them where to hide, how to conceal themselves, and how to avoid detection as they approached the checkpoint. Furthermore, both testified that they heard Granadeno speaking with the driver who had transported them from McAllen, Texas, to Laredo, Texas. Perez testified that he saw the two drivers exchange money.

Viewing this evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the essential elements of Granadeno's crimes beyond a reasonable doubt.

### B. Prosecutor's Statements During Closing Argument

Granadeno next argues that his Fifth and Sixth Amendment rights were violated when the prosecutor made the following statements during his closing argument:

> [Granadeno] didn't know if he left his door open or not. It's a $117,000 truck. My truck's not worth a tenth of that much, but I lock my truck when I go into the gas station. That truck's not my business, it's not my livelihood. Who leaves that open? We're near the border. That truck would be gone in a heartbeat . . . .

> Mr. Granadeno made the bed. That's who made the bed, because he knew they were under it because he did this. He transported these illegal aliens, and he knew it, and he did it in violation of the law and I believe the evidence proves that.

Because Granadeno did not object to these statements during trial, this court reviews for plain error. *See United States v. Gracia*, 522 F.3d 597, 600 n.2 (5th Cir. 2008). If Granadeno establishes (1) error, (2) that is plain, and (3) that affects his substantial rights, we proceed to the fourth prong, which affords us "the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted); *United States v. Olano*, 507 U.S. 725, 732 (1993).

Assuming *arguendo* that Granadeno has satisfied the first two prongs of plain error analysis, he has not met the third prong. First, the district judge instructed the jury that the "questions, statements, objections, and arguments made by the lawyers are not evidence." Juries are presumed to follow the court's instructions, and there was no indication here that the jury did not follow this instruction. *See United States v. McCarty*, 36 F.3d 1349, 1355 (5th Cir. 1994). Second, any prejudicial effect from the prosecutor's statements is minimal, at best. Regarding the prosecutor's first statement, Granadeno himself admitted on the stand that he was unsure about whether he locked his truck. In the second statement, the prosecutor qualified his argument, stating that he "believe[d] the evidence prove[d] that." Attorneys may properly urge a conclusion based on the evidence. *See United States v. Morris*, 568 F.2d 396, 402 (5th Cir. 1978) ("[A]n attorney properly may state, 'I believe that the evidence has shown the defendant's guilt.'"). Third, there was substantial evidence presented against Granadeno during trial. Where there are "numerous witnesses, pieces of evidence, and issues placed before the jury," this court has declined to say that "the prosecutor's statements overshadowed what had come before and unduly prejudiced the Appellants'

case." *See United States v. Gallardo-Trapero*, 185 F.3d 307, 320 (5th Cir. 1999). Accordingly, the prosecutor's remarks did not prejudice Granadeno's substantive rights. *Id.* at 321.

### C. Jury Note

Granadeno next claims that his Fifth and Sixth Amendment rights were violated when the trial court communicated *ex parte* with the jury by responding to a jury note without consulting him or his attorney. *Ex parte* communications with the jury are reviewed under an abuse of discretion standard, subject to harmless error review. *See United States v. Jones*, 664 F.3d 966, 982 (5th Cir. 2011).[1]

The case was submitted to the jury sometime after 3:57 p.m. on August 20, 2013, and the jury left for the day at approximately 5:15 p.m. They were instructed to return the following day at 9:00 a.m. to resume deliberations. At 11:45 a.m. on August 21, 2013, the jury sent the court a note stating: "Eleven of the twelve jurors have agreed. One juror is undecided. Do we need a unanimous vote?" The district court responded at 11:52 a.m. with a note that stated, "Yes." Granadeno argues that had the parties been made aware of the note, he would have moved for a mistrial because the jury was deadlocked. He further argues that he would have asked the court to admonish the jury "not to surrender their honestly held convictions in order to reach a majority verdict."

As an initial matter, we reemphasize that *ex parte* communications between judge and jury are to be avoided. *Jones*, 664 F.3d at 983. In this case, however, the communication was harmless. The record indicates that the jury had been deliberating for just over four hours when they sent this

---

[1] The government concedes that the parties were not made aware of this exchange between the court and jury at the time. Granadeno's counsel apparently discovered it upon reviewing the docket sheet while preparing this appeal. Thus, we employ this standard of review, not plain error review.

note to the court.  Second, the note stated that one juror was "undecided"; it did not indicate that one juror *disagreed* with the others, nor did it suggest that the jury was deadlocked.  Hence, there were no grounds for a mistrial at that juncture.  Perhaps most importantly, in her instructions to the jury, which were delivered immediately preceding the deliberations, the district judge instructed the jury on three separate occasions that the verdict must be unanimous.  In those same instructions, she also admonished the jury not to "give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict."  Under these circumstances, "there is absolutely nothing in the record that raises an inference of prejudice," and the communication, while inappropriate, does not rise to the level of reversible error.  *Id.*

## D. Reckless Endangerment Enhancement

Granadeno next argues that the court committed error by applying a reckless endangerment enhancement under U.S.S.G. § 2L1.1(b)(6).  The presentence investigation report ("PSR") assigned Granadeno a base offense level of 12 pursuant to U.S.S.G. § 2L1.1(a)(3).  The reckless endangerment enhancement increased the offense level to 18, and a two-level enhancement for obstruction of justice placed him at an offense level of 20.  His total offense level and criminal history category of I resulted in a guidelines sentencing range of 33 to 41 months.

When evaluating a challenge to a sentence enhancement, we review the district court's interpretation and application of the Sentencing Guidelines de novo.  *United States v. Mata*, 624 F.3d 170, 173 (5th Cir. 2010).  A district court's "'[f]actual findings regarding sentencing factors are entitled to considerable deference and will be reversed only if they are clearly erroneous.'"  *Id.* (quoting *United States v. Betancourt*, 422 F.3d 240, 246 (5th

Cir. 2005)).  "A factual finding is clearly erroneous if, after reviewing the entire evidence, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'"  *Mata*, 624 F.3d at 173 (quoting *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005)).  A factual finding is not clearly erroneous so long as it is "plausible in light of the record as a whole." *United States v. Miller*, 607 F.3d 144, 148 (5th Cir. 2010).

"'[A] single, bright-line test is not necessarily appropriate for a guideline that must be applied to [the] wide variety of factual settings in which defendants transport aliens for financial gain.'"  *Mata*, 624 F.3d at 174 (quoting *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006)).  As a result, this court has articulated a nonexclusive list of five factors to guide district courts in their application of § 2L1.1(b)(6):  "the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs."  *Mata*, 624 F.3d at 174.  As to the fourth factor, "we have affirmed the enhancement in situations in which it would have been difficult for the alien to extricate herself from the vehicle in the event of an emergency because the alien was jammed into a compartment or wedged into a tight space." *Id.*  As to the fifth factor, "the enhancement is proper only if the aliens would be in greater danger if an accident occurred than 'an ordinary passenger not wearing a seatbelt in a moving vehicle.'" *Id.* (quoting *Zuniga-Amezquita*, 468 F.3d at 890).  Here, the district court did not err by applying the reckless endangerment enhancement under § 2L1.1(b)(6).

Granadeno was found with six undocumented aliens in the cab of his truck.  Four were squeezed into a compartment under the bed of the truck,

one was hiding in an overhead storage rack, and another was in a small closet.  Before applying the enhancement, the district court made factual determinations as to each of the five factors.  The district judge placed significant weight on her finding that the aliens were unable to exit the vehicle quickly in the event of an emergency.  Indeed, trial testimony revealed that the four aliens hiding in the compartment under the bed of the truck were wedged into a tight space; they could not move, a cover was placed over the compartment prior to the checkpoint, and the first person to extricate himself from the compartment required assistance.  The district judge also noted, after reviewing the photographs that were admitted into evidence, that a sudden stop would have caused the alien in the overhead compartment to "fly out" of the truck.  Under these circumstances, this court concludes that the district court's findings of fact were not clearly erroneous.  Accordingly, the district court did not err by enhancing Granadeno's sentences for reckless endangerment.  *See Mata*, 624 F.3d at 175; *see also United States v. Renteria*, 194 F. App'x 230, 231 (5th Cir. 2006).

### E. Cumulative Error Doctrine

Finally, Granadeno argues that the aforementioned alleged trial errors, when considered cumulatively, require reversal of his convictions. Cumulative error justifies reversal only when errors "'so fatally infect the trial that they violated the trial's fundamental fairness.'"  *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012) (quoting *United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007)).  In this instance, "[b]ecause we have rejected [his] other allegations of error, and non-errors have no weight in a cumulative error analysis, there is nothing to accumulate."  *Delgado*, 672 F.3d at 344.  Accordingly, the cumulative error doctrine is inapplicable under these circumstances.

No. 14-40411

For the foregoing reasons, the judgment of the district court is AFFIRMED.