# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2021

Lyle W. Cayce
Clerk

No. 20-60522
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR SMITH; MICHAEL SMITH,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:19-CR-16-1
USDC No. 2:19-CR-16-2

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Victor Smith and his brother Michael Smith were convicted by a jury of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count One), and with possession of a stolen firearm, in violation

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60522

of 18 U.S.C. § 922(j) (Count 2). The jury acquitted the brothers of the third count of the indictment, possession of a firearm in furtherance of a drug trafficking crime. Victor and Michael filed timely notices of appeal.

Victor and Michael both challenge the district court's denial of their motions for judgment of acquittal, arguing that there was insufficient evidence to support their convictions. "This court reviews preserved challenges to the sufficiency of the evidence de novo." *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012).

According to Victor, there was no evidence connecting him to the marijuana in the apartment, "other than his own statements which were made while in an exhausted and confused state." Michael complains that there was no other incriminating evidence of his guilt, and his conviction was based on "little other than the fact that marijuana was found in a safe in his bedroom."

There is ample evidence showing that Victor and Michael possessed marijuana with the intent to distribute it. Michael's bedroom safe contained 11 individual one-ounce bags of marijuana and a mason jar of "loud" marijuana. In total, the police recovered over 300 grams of marijuana from the apartment. As the Government observes, "[a] reasonable jury could determine that, based on the way the marijuana was bagged and the mere quantity of it, the marijuana was meant to be distributed."

Victor also admitted to the officers that he knew about the marijuana and firearms in the apartment. In both his videotaped interview and written statement, he admitted to selling stolen firearms and marijuana, and he disclosed the prices for which he was selling them. His admissions were also consistent with the testimony of Devonski Lemons, who testified regarding Victor's prior drug dealing out of the apartment. Lemons also testified that he had observed Michael selling marijuana in the apartment. The evidence

2

was sufficient for a rational juror to return a guilty verdict as to possession with intent to distribute marijuana as to both Victor and Michael. *See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007).

The evidence, viewed in the light most favorable to the verdict, also supports the conclusion that Victor and Michael possessed the firearms found in the apartment and knew or had reason to believe that they were stolen. *See id.*; § 922(j). Victor admitted to possessing the stolen firearms and to knowing that they were stolen in his written statement. He described the stolen firearms as "hot pistols" and admitted that he sold them for $150 each.

As to Michael, the Government argues that "the same analysis for possession of the marijuana located in the safe," applies to his conviction for possession of the firearm, which was found with the marijuana in his safe. Further, Michael admitted to the police that he knew there were guns and drugs in his apartment. Here, the evidence was sufficient for the jury to return a guilty verdict against Victor and Michael for possession of stolen firearms. *See Shum*, 496 F.3d at 391.

Victor and Michael also argue that the district court erred by using acquitted conduct to justify the application of the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense. This court reviews the sentencing court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Salinas*, 918 F.3d 463, 465 (5th Cir. 2019).

The Supreme Court has held that a sentencing court may rely on relevant conduct that was based on "conduct of which a defendant has been acquitted" so long as the conduct "has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 154, 157 (1997). Victor

and Michael acknowledge *Watts*, but Victor argues that "the lack of evidence presented by the [G]overnment on this issue is so great that even a preponderance finding is unreasonable."

As stated in the presentence reports and the addendum, there were five firearms stored in the apartment, two of which were found in physical proximity to drugs. Victor and Michael shared the back bedroom where the two firearms were found with the marijuana. There was also testimony at trial that Victor and Michael both sold marijuana out of the apartment. As the Government argues, "[a] preponderance of the evidence supports that both Victor and Michael Smith possessed firearms in connection with another felony offense, namely possession of a controlled substance with the intent to distribute." *See Watts*, 519 U.S. at 154, 157.

The judgment of the district court is AFFIRMED.