# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50221
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilberto Morales,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1860-1

_____

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

A jury found Gilberto Morales guilty of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana; possession with intent to distribute 100 kilograms or more of marijuana; possession of a firearm by a convicted felon; conspiracy to transport aliens; conspiracy to harbor aliens; and harboring aliens. The district court sentenced Morales

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

below the guidelines range to an aggregate sentence of 460 months in prison. Morales asserts on appeal that the evidence was insufficient to support the drug conspiracy count and the three alien-smuggling counts, that the district court erred by denying the motion to dismiss the alien-smuggling counts in the indictment, and that his 460-month sentence is procedurally and substantively unreasonable.

First, as to Morales's sufficiency of the evidence arguments, because he failed to renew his Federal Rule of Criminal Procedure 29 motion at the close of all evidence, thus waiving his objection to the earlier denial of his motion, we review for plain error. *See United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022). Regarding the drug conspiracy conviction, the Government presented testimony that an agent and a worker hired by Morales saw what appeared to be drug bundles in a tractor trailer on Morales's ranch; that Morales and one of his employees delivered a total of five loads of marijuana to a stash house located near his ranch; and that during a search of the ranch, agents found a trailer with a hidden compartment, which Morales had referenced in text messages when discussing the transportation of marijuana.

Regarding the alien-smuggling counts, the Government presented testimony from a female conspirator that on three or four occasions, Morales contacted her and arranged for her to pick up illegal aliens from him; after rendezvousing with Morales and retrieving the aliens, she then drove them to a stash house in Phoenix. Text messages corroborated her testimony, and additional evidence demonstrated that Morales and others coordinated the smuggling of three illegal aliens to his ranch, and those aliens were later found on his ranch. Based on the foregoing, the record was not devoid of evidence of Morales's guilt on the challenged charges. *See United States v. Delgado*, 672 F.3d 320, 3331 (5th Cir. 2012) (en banc); *see also United States v. Vargas-*

No. 22-50221

*Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014); *United States v. Shum*, 496 F.3d 390, 392 (5th Cir. 2007); 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), (v)(I).

Second, with respect to Morales's argument that the district court erred by denying his motion to dismiss the three alien-smuggling counts of the indictment due to the Government's deportation of the three illegal aliens found on his ranch, even if he could demonstrate that their testimony at trial would have been material and favorable, he fails to show the reasonable likelihood that the testimony could have affected the judgment of the jury. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 873-74 (1982); *see also United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000). Morales's conspirator testified that she picked up illegal aliens three or four times from Morales and then transported them to a stash house, and Morales elicited favorable testimony that none of the aliens found on the ranch could identify Morales. Considering the foregoing, any error was harmless. *See United States v. Villanueva*, 408 F.3d 193, 200-01 (5th Cir. 2005).

Third, Morales has not shown any procedural error, plain or otherwise, in connection with his below-guidelines aggregate sentence. When imposing sentence, the district court explained that it considered the 18 U.S.C. § 3553(a) sentencing factors, emphasizing the diminished likelihood that Morales would recidivate based on his advanced age, which weighed in his favor; the seriousness of the vast criminal enterprise in which he participated; and his failure to learn from his criminal history. The district court's reasoning for its sentence was clear, and Morales does not show that further explanation was needed. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Additionally, Morales's disagreement with the propriety of the sentence imposed and with the district court's weighing of the sentencing factors is insufficient to rebut the presumption of reasonableness afforded his below-guidelines sentence. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).

No. 22-50221

The district court's judgment is AFFIRMED.