# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2012

Lyle W. Cayce
Clerk

No. 10-41146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HENRY TURNER, also known as Will,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-48-13

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

William Henry Turner appeals his conviction and sentence for one count of conspiring to manufacture, distribute, or possess with intent to manufacture or distribute inter alia five kilograms or more of cocaine. He was sentenced to 235 months of imprisonment and five years of supervised release. He contends that the evidence was insufficient to sustain his conviction; the district erred in admitting evidence that $14,000 was seized from him and another person, hearsay statements describing that seizure, and evidence that the leader of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy was kidnaped after Turner stole drug proceeds; the district court erred in denying him a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2; and the district court erred in determining the amount of cocaine attributable to him pursuant to § 1B1.3.

Construing the evidence in the light most favorable to the verdict, there was sufficient evidence to sustain Turner's conviction. *See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007). Four of Turner's coconspirators testified that, in addition to transporting legitimate loads for the trucking company, Turner knew that he was transporting cocaine and drug proceeds for the owner of the company. One coconspirator testified that Turner transported drugs 15 to 20 times. Several of his coconspirators also testified that Turner knew he was supposed to conceal drug proceeds in his tractor-trailer, that he was paid more than the rate for transporting legitimate loads, and that he knew how to avoid weighing stations to conceal the illegal load in his tractor-trailer. In addition, they testified that on several occasions they sold Turner large quantities of cocaine, which he then sold or gave to his son for resale, and that on several occasions Turner helped them coordinate the sale of cocaine to Turner's son. This evidence permitted the jury to infer that Turner knew of the conspiracy to distribute cocaine and participated in the conspiracy by transporting and distributing cocaine. *See United States v. Zamora*, 661 F.3d 200, 210 (5th Cir. 2011), *cert. denied*, 2012 WL 463784 (Mar. 19, 2012) (No. 11-8771); *United States v. Maseratti*, 1 F.3d 330, 338 (5th Cir. 1993). There was nothing inherently incredible or insubstantial about the testimony of the coconspirators linking Turner to the conspiracy. *See United States v. Silva*, 748 F.2d 262, 266 (5th Cir. 1984). Therefore, their testimony provided sufficient evidence to sustain Turner's conviction.

Any errors in admitting evidence that $14,000 was seized from Turner and another person, hearsay statements describing that seizure, and evidence that the leader of the conspiracy was kidnaped after Turner stole drug proceeds were

harmless. *See United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007). As discussed, the evidence of Turner's guilt was overwhelming. *See United States v. Williams*, 957 F.2d 1238, 1244 (5th Cir. 1992).

With respect to the denial of a mitigating role adjustment for being a minimal or minor participant in the offense, Turner ignores evidence of his involvement in the conspiracy. His contribution to the illegal activity was more than peripheral. *See United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005). Further, he has not demonstrated that he was the least culpable by comparing his conduct to that of his coconspirators. *Cf.* § 3B1.2, comment. (n.4). Therefore, the district court did not clearly err in denying Turner a mitigating role adjustment pursuant to § 3B1.2. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *Villanueva*, 408 F.3d at 203.

The presentence report (PSR) attributed 60.5 kilograms of cocaine to Turner based largely on his coconspirators' trial testimony. The district court found that the coconspirators' testimony was credible for sentencing purposes. Turner offered nothing, other than his unsworn assertions that his coconspirators were lying and that he was innocent, to rebut the statements made by his coconspirators that were contained in the PSR. Accordingly, the district court did not clearly err in relying on the unrebutted testimony and statements of Turner's coconspirators to determine the amount of cocaine attributable to Turner. *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009); *Burton v. United States*, 237 F.3d 490, 500 (5th Cir. 2000). The other factual findings Turner objects to could have been resolved by the district court if he had objected or presented rebuttal evidence. Because he did not object, he cannot show plain error. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

The judgment of the district court is AFFIRMED.